**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCO FERNANDO SEBASTIAN GASPAR, | No. 12-71728 |
| Petitioner, | Agency No. A072-542-355 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Franco Fernando Sebastian Gaspar, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum and withholding of removal.  Our jurisdiction is governed

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Sebastian Gaspar's contentions on appeal regarding the IJ's partial adverse credibility finding, because he did not raise these arguments in his brief to the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (failure to raise an issue in the brief to the BIA, even if it was raised in the notice of appeal, means the claim was not exhausted and the court lacks jurisdiction to review).

Substantial evidence supports the BIA's finding that Sebastian Gaspar has not shown past persecution or a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-82 (1992); *Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995) (facts did not compel a finding of past persecution); *Nagoulko v. INS*, 33 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Thus, Sebastian Gaspar's asylum claim fails.

Because Sebastian Gaspar failed to establish eligibility for asylum, he

necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**